UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RODGER MAY,<br><br>                  Plaintiff,<br><br>    v.<br><br>PACIFIC VENTURE No. 1087790, *In Rem*, et al.,<br><br>                  Defendants. | IN ADMIRALTY<br><br>No. C09-1864RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

     This matter comes before the Court on plaintiff Rodger May's motion for summary judgment. Dkt. #43. Plaintiff seeks an award of (1) *custodia legis* costs in the amount of $35,786.30 and (2) the value of his lien claim for necessaries in the amount of $5,787.50, plus interest at the rate of 3.93% per annum from November 7, 2007, the date the lien arose. Id. Intervening plaintiffs The Memo Children's Trust, the W.R. Underhill Family, LLC, and Nereides Ventures, LLC do not oppose plaintiff's motion for summary judgment. Dkt. #49. Intervening plaintiff 20,000 Leagues, LLC does not oppose distributing the funds covering the *custodia legis*. Dkt. #53. However, 20,000 Leagues objects to any distribution for the maritime lien asserted by Kim Marine Documentation, Inc. that has been assigned to plaintiff. Id.

     20,000 Leagues argues that plaintiff has not provided evidence that Kim Marine

provided services or that the charges for those services were reasonable. Id. at 2. Plaintiff responds that the Court should decline to consider 20,000 Leagues's conflicting arguments where its verified complaint acknowledges that the Kim Marine lien had priority. Dkt. #55 at 2.

The question of whether plaintiff is entitled to a maritime lien for necessaries is governed by the Maritime Lien Act. 46 U.S.C. § 31342. Section 31342 states that a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner "has a maritime lien on the vessel [and] may bring a civil action in rem to enforce the lien." Id. Courts have consistently held that to establish a maritime lien, plaintiff must establish that (1) the services were performed, (2) the charges for those services were reasonable, (3) the services rendered to the vessel were "necessaries" as defined in 46 U.S.C. § 31301(4), and (4) the person who placed the order had authority to do so. See e.g., S.E.L. Maduro (Fla.), Inc. v. M/V Antonio De Gastaneta, 833 F.2d 1477, 1482 (11th Cir. 1987); Belcher Co. of Ala., Inc. v. M/V Maratha Mariner, 724 F.2d 1161, 1164 (5th Cir. 1984).

20,000 Leagues's verified complaint alleges in relevant part:

> 19. On or about November 7, 2007, Kim Marine Documentation, Inc. . . . performed necessaries for the vessel in an amount equal to $5,787.50, all of which was documented by a claim of lien filed with the U.S. Coast Guard National vessel Documentation Center on March 4, 2008, as Batch 627333, Document ID No. 8503410. Dkt. No. 1.
>
> * * *
>
> 22. There is an outstanding principal indebtedness under the preferred marine mortgage in favor of Pacific Star Resources, Inc. in the amount of $651,365.00, plus other charges, interest, costs, and fees, all of which has priority to all other parties in this action except for the lien claimed by Kim Marine Documentation, Inc., and assigned to plaintiff Rodger May, the amount of which is asserted to be $5,787.50.

Dkt. #36 ¶¶19, 22.

The verified complaint is signed by Chris Zaballos, Member, 20,000 Leagues, LLC.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

The sworn statement confirms that Mr. Zaballo read the complaint, knew the contents, and verified that the contents were true and correct to the best of his knowledge. 20,000 Leagues has not produced any evidence or taken any action to contradict its concession that Kim Marine "performed necessaries for the vessel in an amount equal to $5,787.50, all of which was documented by a claim of lien filed with the U.S. Coast Guard National Vessel Documentation Center on March 4, 2008." Nor has 20,000 Leagues produced any evidence or taken any action to contradict its concession that the Kim Marine lien assigned to plaintiff has priority over 20,000 Leagues's mortgage.

For all the foregoing reasons, the motion is GRANTED. Plaintiff is awarded (1) costs in *custodia legis* in the amount of $35,786.30, and (2) the lien claim for necessaries in the amount of $5,787.50, plus interest at the rate of 3.93% per annum from November 7, 2007.

DATED this 12th day of April, 2011.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3